GALIÑANES HNOS., INC., Appellant, *v.* REGISTRAR OF PROPERTY OF SAN JUAN (FIRST SECTION), Respondent.

No. 1179.    Submitted January 16, 1946.—Decided January 28, 1946.

*Juan E. Géigel* and *Guillermo Silva* for appellant.    The registrar appeared by brief.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

By a deed dated May 15, 1945, the spouses César A. Calderón and Sila Serra de Calderón constituted a voluntary first mortgage in favor of the appellant corporation Galiñanes Hermanos, Inc., and of each of the holders of sixty promissory notes suscribed by the above-mentioned spouses in favor of said corporation.    The sixty promissory notes, the total amount of which is $160,000, represent a part of the purchase price of certain properties sold by Galiñanes Hermanos, Inc., to the grantors of the mortgage securing the payment thereof.

Upon said deed being presented for the purpose of recording the mortgage in the Registry of Property of San Juan, the registrar refused to record the same on the grounds set forth in the following decision:

"Record of the foregoing instrument is denied as to the mortgage, which is the only recording sought, for the following reasons: First, because according to the fourteenth clause of the deed, there is constituted a voluntary mortgage in favor of Galiñanes Hermanos, Inc., and/or in favor of each of the holders of 60 promissory notes, on the whole of each of the properties of said spouses which are

described in the deed, the total amount of the notes being $160,000, including principal and other liabilities. Second, because although by the seventeenth clause the mortgage liability is distributed among all the properties covered by the mortgage, such distribution is illusory and unavailing since, according to the fourteenth clause, all the properties shall answer for each and all of the promissory notes, and this is contrary to the provisions of § 119 of the Mortgage Law which can not be waived by the debtor, as has been repeatedy held by the courts and by the commentators on said Law. Third, because were we to consider that the aforesaid mortgage is recordable in its present form, we would thereby preclude the debtor and subsequent purchasers from releasing any of the mortgaged properties from the mortgage lien, since even after satisfying the amount of the charge burdening the property sought to be released, the latter would continue to be subjected to the payment of the remaining obligations or unpaid promissory notes which form part of the series securing the mortgage mentioned above. In lieu thereof, a cautionary notice is entered for one hundred and twenty days at folio 109, reverse, Volume 108 of Santurce South, property No. 4423, inscription A. The property is subject only to the mortgage constituted herein. San Juan, November 14, 1945.''

The appellant has asked us to reverse said decision.

The fourteenth and seventeenth clauses of the deed which are mentioned in the decision appealed from, provide as follows:

''Fourteenth: To secure the faithful and full payment of each and all of the sixty promissory notes, Nos. 1 to 60, already mentioned in this deed, the first of which has been textually copied in the foregoing sixth clause, and the principal amount of which is one hundred and sixty thousand dollars, and to secure likewise the remaining liability for interest, costs, and attorney's fees which will be specified in the following clauses, Don César A. Calderón and Doña Sila Serra de Calderón hereby constitute a voluntary first mortgage in favor of Galiñanes Hermanos, Inc., and/or in favor of each of the holders of said sixty promissory notes, on the whole of each of the properties of said spouses which are enumerated below.''

The fourteenth clause then goes on the describe in five different paragraphs, Nos. 1 to 5, the properties on which the mortgage is constituted.

"Seventeenth: Said mortgage liability amounting to two hundred and ten thousand three hundred and ninety-nine dollars and eighty-four cents, is distributed among the various properties subject to the mortgage in the proportion which is stated below."

Then follow five paragraphs, Nos. 1 to 5, wherein the mortgage liability is distributed among the properties described in the fourteenth clause, and the amount for which each of the mortgaged properties will answer is specifically stated.

The appellant admits in its brief that, according to the provisions of the fourteenth clause, *supra,* the whole mortgage constituted by virtue of said clause "secures (*responderá*) the payment of each and all of the sixty promissory notes enumerated in the deed"; but it insists that such a provision does not at all render illusory or unavailing the distribution of the mortgage liability required by § 119 of the Mortgage Law. The appellant further urges that the sole purpose of the provision set forth in the fourteenth clause is "to keep in force the mortgage lien until the last of the series of sixty promissory notes shall have been paid."

The practical effect of the stipulation contained in the fourteenth clause is, as admitted by the appellant, "that each of the mortgaged properties will continue encumbered until the last of the series of sixty promissory notes has been paid," even though each of said properties is to answer only for the amount assigned to it by the seventeenth clause. For instance, the property described under No. 1, which is a lot measuring 815.81 square meters, together with all the buildings standing thereon, answers for the sum of $45,000; yet it must continue encumbered by the mortgage until the the mortgage debt has been fully paid.

The appellant has failed to cite any legal provision to support the legality of the stipulation set forth in the fourteenth clause. However, it argues that there is no provision

of law prohibiting such an agreement as that contained in said clause, to wit, that each of the properties will continue subject to the mortgage lien until the last promissory note has been paid.

In enacting § 119 of the Mortgage Law, which requires that "when a number of estates shall be mortgaged at the same time for a single credit, the amount or part of the charge to be borne by each shall be specified," the lawmaker intended to protect the debtor, by giving him the right to release any one of the mortgaged properties as soon as the debt burdening the same should be fully paid. Section 124 of said Law expressly recognizes that right; and in order to render it more effective, Article 164 of the Mortgage Law Regulations prescribes that registrars shall not record any mortgage unless compliance has been had with the provisions of § 119 of the Law. *Muriente* v. *Yumet*, 58 P.R.R. 619.

In *Ortiz* v. *Registrar*, 16 P.R.R. 643, this court held that the legal requirement involved, even though established for the benefit of the debtor, can not be waived by the latter.

In *Crédito y Ahorro Ponceño* v. *Registrar*, 30 P.R.R. 131, the mortgage deed presented for record in the registry contained a clause specifying the amount for which each of the properties was bound; but it was further covenanted "that each and all of the mortgaged properties described shall respond for the whole debt" and "that no part of the lien on these properties shall be canceled until the whole of the debt and the interest thereon has been paid." This court affirmed the decision of the registrar denying the record sought, and said:

"It is alleged that in this case that requirement of the law was complied with. That is true, but it is also true that the compliance was immediately annulled."

The same thing bay be said in the instant case. The requirement of § 119 of the Mortgage Law was complied with

in the seventeenth clause of the deed. However, the legal effect of the fourteenth clause is to nullify such compliance. See Galindo, *Legislación Hipotecaria,* vol. 3, pp. 261, 262; 4 Morell, *Legislación Hipotecaria,* p. 11 *et seq.*

The registrar acted correctly in denying the recording sought. The decision appealed from should be affirmed.